## JAMES A. COZZOLINO
### vs.
## MARJORIE V. COZZOLINO

Superior Court       New Haven County         File #34549

Present:   Hon. EDWARD J. QUINLAN, Judge.

Albert W. Cretella,             Attorney for the Plaintiff.

Bronson, Rice & Lyman,       Attorneys for the Defendant.

## MEMORANDUM FILED JULY 8, 1937.

QUINLAN, J. There may often be much that would be helpful to a Court in determining a custody question, that is not revealed by the evidence. The evidence, however, is the sole yardstick guiding the Court.

The welfare of the children here is the prime consideration. In 1934 the defendant surrendered but did not abandon the children, although she had been given their custody. This changed attitude of hers, whatever her reason, alters the approach to the problem.

Since that time the father (plaintiff in the divorce action) has had the sole custody of the boy. Not until 1937 was any record action taken to revise this situation. The mother (defendant in divorce action to whom decree was given) having surrendered the child, thus thrust upon the father the necessity of taking care of the boy, at the time of the surrender, aged about nine. He was sent to school and has persevered and succeeded in his studies. Hamden and the vicinity of New Haven affords excellent possibilities for the continuance of his education. He has become established in the household of his father and I do not think it would be wise to disrupt his manner of living, just because the mother has now established herself to her own satisfaction. To make that a consideration would place the mother's interests as paramount.

At the hearing I expressed myself plainly, concerning the importance of children living with a mother and children in the same family knowing one another, by being brought up in the same family unit. I am still of that opinion, but the mother brought about whatever change in living conditions occurred since the divorce.

During the years of the boy's education, the sole custody of the boy is committed to the father (the plaintiff) except that the mother shall have the custody of the boy during the month of August each year, and shall be permitted to see and

visit the boy once on Saturday or Sunday, each week, and upon the further condition that as long as the sister of the boy is residing in New Haven, as she is at present, that the father permit the sister to visit the boy each week end, on either Saturday and Sunday for the purpose of cementing the relationship of the children.

The custody of the daughter shall remain as originally ordered, and $7.50 per week shall be paid for the support of the daughter.

In view of the arrangements for custody and support that have intervened since 1934 and the foregoing, the action for contempt is dismissed.